FILED
JACKSONVILLE, FLORIDA

JUL 1 8 2022  Via email

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Case No 3:22-bk-01057-JAF
Chapter 7

Everte Farnell Jr
Aka AAA Animal Trapping

_____Debtor_____/

### EMERGENCY MOTION TO VACATE JUDGMENT AND REESTABLISH AUTOMATIC STAY

Now comes the Debtor to ask the court to vacate its order to lift the automatic stay and reinstate the stay retroactively.

Debtor is asking this because Creditor's attorney gained Debtor's consent through fraud and deceit.

In support of this motion, Debtor avers the following:

1. On or about June 22nd, 2022 the attorney for creditor Bissoon Shiwgobin contacted debtor to ask about obtaining his consent to a Motion to Lift Automatic Stay he planned to file before this court.

2. During the discussion, Creditor's attorney explained what he described as the process the court would go through prior to granting the order.

3. The process, in short, was that he would file a consented motion. Then the court would allow 21 days for objections. After that the court would likely grant the order if there were no objections.

4. At that point the case in Marion county Florida would proceed as normal.

These are the facts of the situation, as evidenced by **Exhibit 1**, attached to this motion. This was a text conversation between Creditor's attorney and Debtor in which Debtor confirmed the process that Creditor's attorney laid out.

Based on this discussion, Debtor agreed to consent to a motion to lift the automatic stay if Creditor agreed to file the motion on July 8th, 2022. That would mean, if the information that

Creditor's attorney gave Debtor were true, the stay would be in place until July 30th, 2022 at the earliest. (July 8th plus 21 days would be July 29th. The Court would then lift the stay on July 30th.)

Creditor agreed, Creditor's attorney prepared the motion, and Debtor approved the motion.

### Consent Gained Through Fraud

Creditor's attorney is well aware that Debtor is a non-attorney, and as such doesn't have the education or experience to understand the finer points of law and court rules.

Creditor's attorney was well within his rights to tell Debtor to read the court rules, regulations, and laws to come to his own conclusion about how this process works.

However, Creditor's attorney was well aware that he would NOT have received Debtor's consent in that case.

Instead, Creditor's attorney explained the process to Debtor. While Creditor's attorney made it clear that he was not giving legal advice, Debtor believed that he could take Creditor's attorney's word about the process at face value as attorneys have a responsibility to deal honestly and openly with the opposing side...

Especially when the opposing side is not represented.

It is clear that Creditor's attorney either withheld information or outright lied to Debtor in the hopes that he could get Debtor to consent to the motion.

This is not the first action Creditor's attorney has taken in bad faith when dealing with the orders of this court.

After the automatic stay had been issued and Creditor's attorney and the court in Marion County had been served with a Suggestion of Bankruptcy - he still filed for a motion for Judgment in Marion County.

When the court approved that motion and filed a judgment in the pending case, Debtor had to file a motion to vacate that judgment - with which the court granted.

As Creditor's attorney did NOT deal with Debtor openly and honestly - by lying or withholding part of the truth from Debtor in order to gain Debtor's consent to the motion - Debtor's consent was gained through coercion and manipulation.

As such the court should vacate its judgment and re-establish the stay retroactively. Then instruct Creditor and his attorney to proceed with a non-consented motion to lift the automation stay.



Alternatively, the court should re-establiish the stay, retroactively, until June 30th, 2022 - which is the date the Creditor's attorney led Debtor to believe would be the earliest the stay would be lifted.

Dated 7/18/22

Everte Farnell
10346 SW 64th Ct
Ocala FL 34476
352-421-4180

Exhibit 1

← (352) 339-9920 (text) ▸

6/22/22 10:44 AM

Please advise and i will send you the document to esign for filing on the 8th

6/22/22 10:51 AM

Just to be clear, this is Mr Shiwgobin's attorney and he is agreeing to delay filing the motion to lift stay until the 8th of July in exchange for me consenting to the motion.

Procedurally, this motion will be served to other creditors and they have 21 days to object, then assuming no objections the court will loft the stay and then the case with the circuit court can start again.

This is what we discussed on the phone just a few minutes ago.

6/22/22 10:52 AM

Correct